UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHOENIX NPL, LLC,
*as Receiver for The National Republic Bank of Chicago*,

        Plaintiff,

v.

SHASHTRIJI, INC. *et al.*,

        Defendants.
_____/

Case No. 1:14-cv-1146

HON. JANET T. NEFF

**OPINION**

This matter is before the Court on Defendant Pradyuman Shah's Motion to Change Venue (Dkt 29) and Motion to Amend Answer (Dkt 27). Plaintiff has filed a Response to each Motion (Dkts 32 and 31, respectively). After full consideration, the Court determines that a transfer of venue is warranted. Accordingly, the Motion to Change Venue is granted, and Defendant Shah's Motion to Amend Answer is reserved for the transferee court.

**I. Background**

This case has a complicated procedural history. The National Republic Bank of Chicago ("National Republic Bank") initiated this action in the Berrien County, Michigan, Circuit Court against Defendant Shashtriji, Inc. for breach of contract pertaining to a $1,200,000 loan and for the appointment of a receiver, and against seven individual Defendants[1] to enforce guaranties signed by each Defendant for the underlying debt of Shashtriji, Inc. Shashtriji's principal business was the

---

[1] Ghanshyam K. Patel, Pradyuman Shah, Pramod Patel, Sunita Patel, Hiralkumar Patel, Priyanka Patel, and Hasmukh Patel.

operation of a hotel in St. Joseph County, Michigan, and this real property served as security for the underlying loan at issue in this case (Pl. Resp. at Page ID# 735). During the pendency of the state court action, Defendant Shashtriji, Inc. filed for bankruptcy protection (Def. Br. at Page ID# 637). The Berrien County Circuit Court entered an order closing the case against Shashtriji (*id.*). Further, five of the individual Defendants failed to file an answer, and therefore, default judgments entered against them in the amount of $1,540,585.36. A Stipulation and Order of Dismissal without Prejudice was entered as to Defendant Hasmukh Patel.

On or about October 14, 2014, National Republic Bank filed a motion for summary disposition against Defendant Pradyuman Shah, the sole remaining Defendant, based on the alleged breach of his personal guaranty of the underlying note, which National Republic Bank asserted Defendant Shah admitted in his answer to the complaint. However, on October 24, 2014, the Federal Deposit Insurance Corporation (FDIC) was appointed Receiver for National Republic Bank. On November 6, 2014, prior to a hearing on the pending motion for summary disposition, the FDIC filed a notice of substitution as Plaintiff and removed the case to this Court.

This Court conducted an early Status Conference following removal, at which Defendant Pradyuman Shah, the sole remaining Defendant, requested that Plaintiff FDIC be ordered to file an amended complaint on the grounds that the pleadings in this matter are unnecessarily complicated, and Plaintiff should be required to file an amended complaint to address the parties against which, and claims on which, it intends to proceed (Dkt 16 at Page ID# 527). The Court denied Defendant Shah's request, but permitted him to file the instant motions for leave to file an amended answer and to change venue.

Prior to the motions being filed, the FDIC notified the Court that it had sold and assigned all of its rights and interest in the claims in this matter to Phoenix NPL, LLC.  On March 13, 2015, the Court granted the FDIC's Motion to substitute Phoenix NPL, LLC, as Plaintiff in this action (Dkt 26).

Defendant Shah now requests this Court transfer this matter to the Northern District of Illinois, on the grounds that the parties agreed to courts in the Chicago, Illinois area as the proper venue, and all of the remaining parties, evidence and witnesses are located within that District. Further, Plaintiff has no ties to Michigan and will otherwise not be prejudiced by the transfer.

## II. Discussion

As an initial matter, Defendant Shah concedes that venue in this district is proper.  Thus, Plaintiff's argument that Defendant Shah has waived his right to object to venue is immaterial to the issue of transfer, as Plaintiff acknowledges (Pl. Resp. at Page ID# 737).  The key issue is whether a transfer of venue to a more convenient forum is appropriate in this case.  Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a civil action to another district:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

"District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Helder v. Hitachi Power Tools, Ltd.*, 764 F. Supp. 93, 95-96 (E.D. Mich. 1991); *see also Reese v. CNH America LLC,* 574 F.3d 315, 320 (6th Cir. 2009).

"[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991)). Thus, the court should evaluate case-specific factors affecting both private and public interests, including:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006); *see also Steelcase, Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 719 (W.D. Mich. 2004).

"[T]he moving party bears the burden of proving why a court should transfer the action." *Smart Techs.*, 336 F. Supp. 2d at 719. This burden is a heavy one and requires that the moving party show that the factors weigh strongly in favor of transfer. *Id.*

Defendant Shah devotes considerable argument to enforcement of a forum selection clause as a basis for transferring venue to the Northern District of Illinois. Defendant states that in *Atlantic Marine Construction Company, Inc. v. U.S. District Court for the Western District of Texas*, 134 S. Ct. 568, 581 (2013), the Supreme Court "recently highlighted the weight that forum selection clauses in contracts must be given when a court considers a motion to change venue for convenience" (Def. Br. at Page ID# 639). "[A] forum selection clause protects the interest of justice so that 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases'"

(*id.*, quoting *Atlantic Marine*, 134 S. Ct. at 581). Accordingly, in the face of a contractual forum selection clause, courts must alter the typical change of venue analysis by giving no weight to the plaintiff's choice of forum or the parties' private interests, and the typical choice of law rules do not apply. *See id.* at 581-83.

Defendant Shah states that while his guaranty does not itself contain a forum selection clause, the guaranty was signed at the same time as the 2002 Modification to Defendant Shashtriji, Inc.'s loan, which expressly incorporated Shashtriji's original 1998 Promissory Note, which does contain a forum selection clause providing for venue in Chicago, Illinois, as follows:

> The loan evidenced hereby has been made and this Note has been delivered at Chicago, Illinois, and shall be governed by the laws of the State of Illinois and enforced in a Court of Law sitting in Chicago, Illinois.

(Def. Ex. A). Defendant argues that the 1998 Note and the forum selection clause contained therein "are integral parts of what [he] agreed to" and should govern the venue transfer in this case (Def. Br. at Page ID# 641).

Plaintiff disagrees that the forum selection clause in the 1998 Promissory Note applies to Defendant Shah. Plaintiff states that Defendant Shah cannot rely on the contractual rights held by other Defendants because the Guaranty of Payment he executed does not incorporate by reference, or otherwise, any other document.

This case involves the atypical situation of a party (Plaintiff) arguing in avoidance of what is, in effect, its own forum selection clause. Regardless, the fact that a legitimate dispute exists as to whether the 1998 Promissory Note forum-selection clause applies to the transfer at issue is, in and of itself, a consideration that minimizes any weight the Court gives the clause. *See* 15 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3854.1 (4th ed.) (a forum selection clause may be

ignored as a factor if it does not clearly apply to the action or if its binding nature is uncertain or disputed) (citing *Auto-Wares, LLC v. Wis. River Co-op Servs.*, No. 1:09-cv-702, 2010 WL 2508356, at *3 n.3 (W.D. Mich. 2010); *Sylvester Material, Inc. v. John Carlo, Inc.*, No. 3:04CV7686, 2005 WL 1176054, at *4 (N.D. Ohio May 17, 2005) (declining to give weight to a forum-selection clause in a § 1404(a) transfer analysis because the applicability of the clause was in dispute); *Pax, Inc. v. Veolia Water N. Am. Operating Servs., Inc.*, 347 F. Supp. 2d 281, 284 (W.D. Va. 2004) (the record was insufficient to determine whether a disputed forum-selection clause was binding)).

But even assuming, without deciding, that the forum-selection clause is inapplicable as Plaintiff contends, the Court concludes that transfer of venue is still appropriate considering the relevant factors. First, this case now centers on Defendant Shah's guaranty of the loans made in Illinois by the National Republic Bank of Chicago. Defendant Shah is a resident of the Chicago, Illinois area, and the loan guaranty was executed in Illinois. The sole connection to Michigan is that the hotel property operated by Defendant Shashtriji was located here. Plaintiff states that at the time National Republic Bank filed the case, it was seeking to enforce rights associated with the hotel property in St. Joseph County, Michigan, including the appointment of a receiver for the property and foreclosure of the property. However, Shashtriji declared bankruptcy and the real property is longer at issue.

Under the circumstances presented, a number of the factors, weigh in favor of a transfer to Illinois: the convenience of any likely witnesses; the location of relevant documents and relative ease to access of sources of proof; the locus of the operative facts; the availability of process to compel the attendance of unwilling witnesses; and the forum's familiarity with the governing law.

Although Michigan is Plaintiff's asserted choice of forum, it does not appear to have any particular connection to the legal dispute at this juncture in the case. Given that the Michigan forum was dictated by the original complaint filed by National Republic Bank, not the current Plaintiff, based on the claims involving the real property, not the claims against Defendant Shah, this factor does not warrant the weight generally accorded the plaintiff's choice of forum.

To the extent the forum selection clause bears on the transfer at all, it is persuasive evidence that the loan dispute properly belongs before the Illinois courts, which are most familiar with, and certainly have a significant interest in the governing law. While the parties offer no particular argument on certain other factors, such as the relative means of the parties, it stands to reason that Plaintiff would suffer no significant detriment in having to proceed against the individual Defendant Shah in the Northern District of Illinois forum, as opposed to the Western District of Michigan.

In short, this case does not present the typical considerations that factor into a transfer of venue analysis. The case has now had three successive plaintiffs and only one of eight original Defendants remains. The Court finds the weight of the factors, including the interests of justice, warrant transfer.

Accordingly, Defendant's Motion to Transfer Venue to the Northern District of Illinois, pursuant to § 1404(a), is granted.

An Order consistent with this Opinion will be entered.


Dated: November  23 , 2015                     /s/ Janet T. Neff
                                               JANET T. NEFF
                                               United States District Judge